Dear Mr. Fair, Jr.:Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Natchitoches Parish Police Jury, you have asked for our opinion on a matter related to the possible sale of the Natchitoches Parish Hospital. Your request indicates that the Natchitoches Parish Hospital is currently operated and managed by Christus Health pursuant to a lease agreement authorized by La.Rev.Stat. 46:1055(B). Specifically, you ask whether as a result of this lease arrangement, is the hospital excluded from being classified as a revenue-producing utility as referenced in La.Rev.Stat. 33:4341 (A).
La.Rev.Stat. 33:4341 (A) provides, in pertinent part, the following:
 § 4341. Sale or lease of revenue-producing utility property; election required; exception
 A. Any municipality, the city of New Orleans excepted, or any parish or any other political subdivision or taxing district authorized to issue bonds under Article VI, Section 37, of the Constitution of Louisiana, all of which are hereinafter in this Subpart referred to as "municipality" or "parish", may sell or lease any revenue-producing properties owned by it, including all proper franchises to operate the properties for a term not to exceed sixty years, provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose as herein directed. When a city, town, or village owns and operates a water, gas, or other revenue-producing public utility, *Page 2 
serving customers outside the territorial limits of the city, town, or village, as is allowed by law, a negotiated sale of all of the connections and utility installations outside the area of the said city, town, or village and within the corporate limits of another city, town, or village may be made to the latter city, town, or village by negotiation and without any election, for such price as may be agreed upon between the parties. No election shall be required to authorize the sale or lease by any municipality or parish of revenue-producing water properties to any other municipality, parish, or other political subdivision.
La.Rev.Stat. 33:4161 defines a "revenue producing utility" as,
 "any revenue-producing business or organization which regularly supplies the public with a commodity or service, including electricity, gas, water, ice, ferries, warehouses, docks, wharves, terminals, airports, transportation, telephone, telegraph, radio, television, drainage, sewerage, garbage disposal, emergency medical services, and other like services; or any project or undertaking, including public lands and improvements thereon, owned and operated by a municipal corporation or parish or other political subdivision or taxing district authorized to issue bonds under authority of Section 14 of Article XIV of the Constitution of Louisiana of 1921, from the conduct and operation of which revenue can be derived." (Emphasis Added)
In our view, the fact that the facilities of the Natchitoches Parish Hospital are currently being leased and operated by Christus Health, does not affect the hospital's ability to generate revenue. Thus, according to the plain language of La.Rev.Stat. 33:4161, the Natchitoches Parish Hospital is properly classified as a revenue-producing utility. See Attorney General Opinion No. 02-0420. As such, in the event the appropriate legal authority wishes to sell the Parish Hospital it is bound by the provisions of La.Rev.Stat. 33:4341 (A) and a vote of a majority of the qualified electors is required. Further, prior to any sale or lease of the hospital facility, we direct you to contact the Office of the Attorney General in accordance with La.Rev.Stat. 40:2115.11, et seq.
We also note with respect to the lease arrangement with Christus Health, La.Rev.Stat. 46:1055 outlines the powers and duties of a hospital service commission, which include the following:
 B. In addition to the powers and duties set forth in Subsection A of this Section, the commission may enter into a special services agreement with any person, including, but not limited to a hospital management firm or hospitals, to manage, operate, and administer a hospital or hospitals, or any part thereof, under the control of the commission for the benefit of the *Page 3 
hospital service district. Any special services agreement may include a negotiated lease of the district's facilities where the agreement provides for permanent improvements to be made, constructed, or placed upon the leased facilities in the amount of not less than one million dollars, providing that the term of the lease shall not exceed fifty years, and the lessor shall reserve all mineral rights to any land involved. . . . .The notice of intent to enter into a special services agreement shall be published in the official journal at least sixty days prior to the effective date of the contract. However, any such hospital service district, including any such district which has contracted with an association or private entity primarily engaged in the operation of hospitals to manage, operate, and administer a hospital or hospitals within the hospital service district, shall be considered a public entity as defined under the provisions of R.S. 38:2211(A)(1) and all construction work undertaken shall be performed in accordance with the provisions of R.S. 38:2212. The provisions of this Subsection shall not apply to any facility of the charity hospital system of the state of Louisiana.
In addition to the authority to enter into special service lease agreements set forth in La.Rev.Stat. 46:1055B, there is specific authority for a hospital service district to negotiate the lease of its facilities without compliance with the Public Lease Law. La.Rev.Stat.46:1074A provides as follows:
 A. In addition to the powers and duties otherwise provided and notwithstanding the provisions of R.S. 41:1211 et seq. or any other law to the contrary, a hospital service district commission and any health facility it owns or operates . . . may negotiate the lease of such medical office buildings and facilities or portions thereof provided the lease rental shall be sufficient to recoup over a period of twenty years the capital investment of such hospital service district commission or that of any health facility it owns or operates.
A determination should be made as whether the current lease arrangement satisfies the conditions of La.Rev.Stat. 46:1055 and La.Rev.Stat.46:1074A. *Page 4 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt